In the Matter of the Estate of EMILIE R. FLANNERY, Deceased.

Surrogate's Court, Kings County, October 25, 1966.

Alphonso V. Guardino for executor. Maloney & Doyle for Emilie J. Caldwell, legatee-movant, respondent.

EDWARD S. SILVER, J. The net estate accounted for herein is in excess of one million dollars. Testatrix died on March 23, 1962 and letters testamentary were issued to the executor on April 10, 1962. About four years later movant petitioned to compel the executor to account. Petitioner is the daughter and devisee and legatee of one half of the residuary estate. The account shows that she has received nothing either as income or in distributions other than property specifically bequeathed to her. She now moves to compel the executor to pay her one half of the net rents collected by him from the real property devised to her and her brother, the executor. In response, the executor asserts there is "no merit to her request for relief," pointing to the extensive powers granted to him as executor under the will. He freely admits "the need of my judgment and discretion given to me under the Will for the purpose of paying creditors". For this purpose he used the net rents of the properties devised, although there appears to have been ample personal property with which to have paid all creditors. In addition to this there remain on hand, according to his account, marketable securities which the will authorized him to distribute in kind and mortgages which also could have been distributed in kind. Although income producing, none has been distributed. In fact, as previously pointed out, nothing has been distributed, income or principal, since testatrix' death except property specifically bequeathed and payment of incidental expenses on property specifically devised to the movant, and a general legacy of $2,000. Exclusive of net rents on the real property the account shows that income received during the period accounted for exceeded $93,000, all in cash receipts.

The executor's position that he is vested with the right to do as he pleases with the properties entrusted to him is not well founded. The extensive powers granted to him under the will were given to him to facilitate the liquidation and distribution of the estate. The will did not appoint him trustee. And nowhere does it appear that he was given the power to pay off the debts, taxes and administration expenses out of the income received during the period of administration. If the will had done so, there would, of course, be the question of an unlawful accumulation.

No reason is advanced and none appears from the record why it was necessary for the executor to take possession, qua executor, of the real property devised to him and his sister, the movant herein. No reason appears, other than the claim of power under the will, to justify the long-delayed failure to make distribution of income and of the securities and mortgages which were easily

distributable in kind. No reason appears why there have been no partial liquidating dividends on the corporations whose principal assets have been sold and the cash proceeds are held by the corporations.

The answer of the executor states that at this time — because of the payment of estate taxes out of income and net rents — there remains in his hands as executor the sum of $47,000.

The motion is granted. In the event the executor is unable to pay movant in cash her share of the net rents as prayed for in the movant's papers, the court will entertain an application on the settlement of the order to be made herein, for the payment of said sum out of other assets of the estate which would otherwise be distributable to the executor as a legatee of the testatrix. In view of the long delay herein, and the failure of the executor to comprehend the duties imposed upon and accepted by him, the court instructs the executor to wind up this estate with all reasonable speed. The court also notes that there are other legatees entitled to receive legacies which have not been paid. The grant of this motion is without prejudice to all rights the movant may have to object to the account and the actions of the executor in respect of the real property.